Estoppel is inapplicable in this case. A time limitation that is a jurisdictional prerequisite is not subject to wavier or estoppel. *See Zipes* v. *Trans World Airlines, Inc,* 455 U.S. 385, 392–93 (1982); *Sims* v. *Heckler,* 725 F.2d 1143, 1145 (7th Cir. 1984); *United States* v. *Reliable Chemical Co.,* 66 CCPA 123, 128, 605 F.2d 1179, 1184 (1979).

Plaintiff's action contesting Customs' denial of the April protest was not timely commenced and the Court is without jurisdiction to consider that claim.

It is hereby ordered that defendant's motion to sever and dismiss is granted.

ARMSTRONG RUBBER CO., ET AL., PLANTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 84–10–01444

Before WATSON, *Judge.*

(Decided October 18, 1985)

*Lynn M. Schlitt,* General Counsel; *Michael P. Mabile,* Assistant General Counsel and *Brenda A. Jacobs,* for defendant U.S. International Trade Commission.

*Frederic L. Ikenson, P.C. (Frederick L. Ikenson* of counsel) for plaintiffs.
*Arnold and Porter (Robert E. Herzstein, Thomas B. Wilner* and *Alan O. Sykes)* for defendant-intervenors Hankook Tire Manufacturing Co., *et al.*

WATSON, *Judge:* This motion for a stay pending appeal raises the same issues as were recently discussed in *American Grape Growers Alliance* v. *United States,* 9 CIT 505, Slip Op. 85–104 (Oct. 7, 1985).

Here too, the Court finds that there is a fair possibility of damage to plaintiffs from the granting of a stay, in terms of the continued deprivation of an administrative investigation into their alleged injury. There is no comparable harm to anyone else, and a strong public interest in the uninterrupted progress of these investigations.

For these reasons, the motion for a stay is denied.